UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TIMOFEY PETROVICH ZAIKIN,<br><br>    Petitioner,<br><br>    v.<br><br>ERIC H. HOLDER,<br><br>    Respondent. | NO.  C14-793-MJP-JPD<br><br>REPORT AND RECOMMENDATION |

## INTRODUCTION

Petitioner Timofey Petrovich Zaikin, a native of Russia, is currently a state prisoner at the Clallam Bay Correctional Center serving a 43-month sentence on convictions for Assault Second Degree with a Deadly Weapon and Possession of a Stolen Vehicle. *See* Dkt. 10-1. The U.S. Department of Homeland Security ("DHS") has issued an immigration detainer requesting that Clallam Bay notify U.S. Immigration and Customs Enforcement ("ICE") when petitioner is released from custody or transferred to another facility. *Id.* The detainer indicates that DHS is investigating whether petitioner is subject to removal from the United States. *Id.*

Proceeding *pro se* and *in forma pauperis*, petitioner filed the instant habeas corpus petition pursuant to 28 U.S.C. § 2241, seeking an order directing ICE to "recall and rescind" the detainer. Dkt. 5 at 15. He argues that the detainer falsely asserts that DHS is investigating him.

REPORT AND RECOMMENDATION - 1

*Id.* at 3. He also claims that prison officials are using the detainer to prohibit him from obtaining reduced custody levels and participating in pre-release programming, including work release. *Id.* Respondent has moved to dismiss, arguing that the Court lacks jurisdiction over petitioner's claims. Dkt. 10. For the reasons discussed below, the Court recommends that respondent's motion to dismiss be granted, petitioner's habeas petition be denied, and this matter be dismissed without prejudice.

## DISCUSSION

Federal habeas corpus jurisdiction is limited to petitions from persons who are "in custody in violation of the Constitution and laws of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). The Supreme Court has interpreted this statutory language to mean "in custody" pursuant to the conviction or sentence under attack at the time the petition is filed. *Maleng*, 490 U.S. at 490-91. Where a petitioner is not subject a final order of removal, an ICE detainer alone does not place a petitioner "in custody" for purposes of § 2241. *See Garcia v. Taylor*, 40 F.3d 299, 303 (9th Cir. 1994) ("[T]he bare detainer letter alone does not sufficiently place an alien in [ICE] custody to make habeas corpus available."), *superseded by statute on other grounds as stated in Campos v. Immigration & Naturalization Serv.*, 62 F.3d 311, 314 (9th Cir. 1995); *Nakaramurak v. United States*, 68 F.3d 290, 293 (9th Cir. 1995) (alien who is not physically detained is "in custody" so long as he is subject to a final order of removal).

Petitioner does not establish that he is in federal immigration custody for purposes of § 2241's "in custody" requirement. He is physically detained by Washington State, not by DHS or ICE. And because there is no evidence that petitioner has been ordered removed from the United States, the bare detainer letter is insufficient to place him in federal immigration custody. *See*

REPORT AND RECOMMENDATION - 2

*Garcia*, 40 F.3d at 303.  Accordingly, the Court lacks jurisdiction over his request to cancel the detainer.

Furthermore, petitioner does not establish that his state custody violates the Constitution or the laws of the United States.  His principal argument is that as a result of the detainer, he is not eligible for reduced custody levels, pre-release programming, and work release.  However, the Ninth Circuit has held that a prison does not violate due process or equal protection by excluding inmates subject to detainers from certain custody classifications or from rehabilitation programming.  *See McLean v. Crabtree*, 173 F.3d 1176, 1184-86 (9th Cir. 1999); *see also Moody v. Dagget*, 429 U.S. 78, 88 n.9 (1976) (rejecting claim that "prisoner classification and eligibility for rehabilitative programs" invoked due process protections); *Hernandez v. Johnston*, 833 F.2d 1316, 1318 (9th Cir. 1987) (no constitutional right to a particular classification status); *Rizzo v. Dawson*, 778 F.3d 527, 530-31 (9th Cir. 1983) (no constitutional right to rehabilitation).  As such, petitioner fails to establish that he is entitled to habeas relief under § 2241.

## CONCLUSION

For the foregoing reasons, the Court recommends that respondent's motion to dismiss, Dkt. 10, be GRANTED; petitioner's habeas petition, Dkt. 5, be DENIED; and this matter be DISMISSED without prejudice.  A proposed Order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit by no later than **September 16, 2014**.  Failure to file objections within the specified time may affect your right to appeal.  Objections should be noted for consideration on the District Judge's motion calendar for the third Friday after they are filed.  Responses to objections may be filed within **fourteen (14)** days after service of

REPORT AND RECOMMENDATION - 3

objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **September 19, 2014**.

DATED this 26th day of August, 2014.

*James P. Donohue*

JAMES P. DONOHUE
United States Magistrate Judge

REPORT AND RECOMMENDATION - 4